USDC SD`.
DOCUMEN`
ELECTRON: (/.::`FILED
DOC #: _____
DATE FILED: $(0 \cdot 26 \cdot 25$

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
UNITED STATES OF AMERICA,

    -against-            20-cr-0578 (LAK)

RANDY CRAIG LEVINE,

      Defendant.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

    Defendant was convicted on his plea of guilty of one count of conspiracy to commit wire fraud and two counts of commodities fraud and sentenced principally to concurrent terms of 70 months of imprisonment on each count, those terms to run consecutively to a prior sentence imposed in the Southern District of Florida. He presently is confined at FCI Danbury. He now by letter seeks the Court's assistance with what he claims is the Bureau of Prisons ("BOP") wrongful failure to transfer him to a halfway house, which the Court construes as a motion for an order directing the BOP to reconsider his placement or to transfer him as he wishes.

    Whatever the merits of the defendant's arguments concerning placement, his motion is cognizable, if at all, as a habeas petition under 28 U.S.C. § 2241.[1] Any such petition must be filed

---

[1] *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241 by contrast is the proper means to challenge the *execution* of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."); *Ferebe, v. Warden* 2025 WL 1632087, at *1 (S.D.N.Y. May 5, 2025) (considering, under § 2241, claim by prisoner confined at FCI Otisville that he was entitled to immediate transfer to the RRC under the SCA); *Handford v. Spaulding*, 2019 WL 2122930, at *4 (N.D.N.Y. May 15, 2019) (motion by prisoner for transfer to the RRC under the SCA "could be cognizable under § 2241 if other jurisdictional and procedural requirements were met"); *United States v. Accardi*, 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) ("It would appear that a habeas petition under 28 U.S.C. § 2241 is the proper vehicle" for prisoner to seek a transfer from prison to pre-release custody, e.g., an RRC or home confinement).

in the District of Connecticut, the district in which the defendant now is confined.[2]

Accordingly, the motion (Dkt 100) is denied, albeit without prejudice to the filing of a Section 2241 petition in the District of Connecticut. The order of reference to a magistrate judge entered yesterday is vacated.

SO ORDERED.

Dated:     June 26, 2025

Lewis A. Kaplan
United States District Judge

---

[2]

28 U.S.C. § 2241(a); *Rumsfeld v. Padilla,* 542 U.S. 426, 442-43 (2004); *Ozturk v. Hyde,* 136 F.4th 382, 390-91 (2d Cir. 2025).